IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2024

**STATE OF TENNESSEE v. JAMAREA DASHON ALDERSON**

**Appeal from the Circuit Court for Maury County**
**Nos. 29903, 29733   David L. Allen, Judge**

_____

**No. M2023-01286-CCA-R3-CD**

_____

After being indicted on multiple charges in two separate cases, Jamarea Dashon Alderson, Defendant, entered an open guilty plea to the offenses of aggravated assault, two counts of simple possession of marijuana, possession of oxycodone, possession of hydrocodone, and evading arrest.  The trial court denied alternative sentencing and sentenced Defendant to serve an effective sentence of five years, eleven months, and twenty-nine days, ordering partial consecutive sentencing.  Defendant appeals, arguing that the trial court erred in denying alternative sentencing and ordering consecutive sentencing.  Defendant also challenges the trial court's admission of testimony about pending charges during the sentencing hearing.  Because the trial court did not abuse its discretion, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Larry Samuel Patterson, Jr., Columbia, Tennessee, for the appellant, Jamarea Dashon Alderson.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Brent Cooper, District Attorney General; and Pam Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In June of 2022, Defendant was indicted by the Maury County Grand Jury in case number 29733 for one count of aggravated assault and one count of simple possession of

marijuana. In September of 2022, Defendant was indicted by the Maury County Grand Jury in case number 29903 for one count of possession of oxycodone, one count of possession of hydrocodone, one count of possession of marijuana, and one count of evading arrest. Defendant failed to appear in court in July of 2022 and a final forfeiture was issued in February of 2023. Defendant eventually surrendered to the Maury County Sheriff on March 23, 2023.

Defendant entered an open guilty plea to the charges in the indictments. The record reflects that officers went to a home on Mapleash Avenue on September 4, 2021. At the home, the officers spoke to the mother of one of Defendant's children about an assault that happened the night before. She informed officers that Defendant came to her home to retrieve his belongings. An argument ensued during which Defendant strangled her and slapped her in the face multiple times. Officers observed marks on her neck and scratches consistent with her statements. Officers issued warrants for Defendant's arrest, but law enforcement was unable to serve him.

Defendant was arrested on the warrants at the end of September. During the arrest, officers smelled marijuana coming from Defendant's person. Officers searched Defendant's car and did not find anything. At the police department, Defendant was questioned about the smell. He produced a small bag of marijuana from his pants and was charged with simple possession.

In case number 29903, the record indicates that police tried to initiate a traffic stop on March 8, 2022. Defendant was a passenger in the vehicle. The car fled, and the driver lost control of the vehicle, striking a house. Defendant fled on foot even after being ordered to stop and get to the ground. A police officer giving chase cut Defendant off, drew his weapon, and ordered Defendant to the ground. Defendant complied after throwing a small white object from his pocket to the ground. The object turned out to be a bag containing one oxycodone pill. During a search of Defendant's person, an officer found two additional hydrocodone pills and a bag containing three grams of marijuana.

A pre-sentence report was prepared prior to the hearing. It was accompanied by a STRONG-R assessment. Defendant apologized for his actions and claimed he was now "a godly and respectful man," who was trying to live a positive life and wanted a change to live "the right way" and follow the law. The pre-sentence report indicated that Defendant did not finish high school or obtain a GED, though he expressed his desire to obtain a GED. Defendant did not use alcohol but started using marijuana at age eighteen and used it socially on the weekends until October of 2022. Defendant reported strong family relationships with his mother, brother, and grandmother. Defendant had two children when the report was prepared and testified that he saw them four times a week and spoke to them

every other day. Defendant was employed before his arrest and claimed that he could work when he was released from incarceration.

Defendant had four prior misdemeanor drug possession convictions on his record, dating back to 2017, and was on probation at the time he committed the current offenses. He was on bond when he committed the aggravated assault and simple possession offenses. The risk assessment score assigned to Defendant was high violent with high or moderate needs in education, family, residential, employment, and alcohol/drug use.

At the sentencing hearing, Sergeant Neylan Barber of the Columbia Police Department testified that Defendant was arrested on September 30, 2021, in connection with an investigation about a shooting between two vehicles in a residential area on September 25. As part of the investigation, police "collected" the two vehicles used in the shooting. One of those vehicles was connected to Defendant's phone number. Defendant was also identified on surveillance video wearing a hoodie that was found in the vehicle after the shooting. DNA from inside the vehicle matched Defendant's DNA. No other individual's DNA was found in the vehicle. Police obtained a warrant to use Defendant's phone to "ping" his location and arrest Defendant.

When Defendant was arrested, he denied any involvement in the shooting. However, Defendant was found in possession of a handgun as well as three phones. Messages on the phones indicated that Defendant was involved in the shooting and in selling narcotics. Defendant was charged with reckless endangerment for his role in the shooting. This charge was pending at the time of the sentencing hearing.

Sandy McClain, the Maury County Circuit Court Clerk, testified that Defendant failed to appear in general sessions court and circuit court in case number 29903 and failed to appear for his arraignment in case number 29733.

Defendant chose not to testify or present any additional proof at his sentencing hearing.

Counsel for the State argued in favor of consecutive sentencing and a sentence of incarceration, pointing to Defendant's past failures to appear and criminal behavior while on release or probation. Defendant, on the other hand, argued for an alternative sentence, arguing he had "owned up" to his behavior. Defendant insisted a consecutive sentence was not warranted because Defendant did not have a felony record, had already spent several months in custody, and had never violated probation.

The trial court considered the presentence report, the evidence, the principles of sentencing, the arguments of counsel, the nature and characteristics of Defendant's

conduct, Defendant's potential for rehabilitation, and the testimony at the hearing, finding that three enhancement factors applied: (1) because Defendant had four prior misdemeanors; (8) because Defendant had failed to comply with the conditions of being released into the community; and (13) because Defendant was on bond and probation when he committed the aggravated assault and drug possession offenses and there was evidence tying Defendant to drug possession and gun violence during the same period of time. *See* T.C.A. §§ 40-35-114(1), (8), & (13). The trial court declined to apply mitigating factors and found that consecutive sentencing was applicable because Defendant committed the crimes while on probation. The trial court acknowledged that Defendant had no prior felony convictions but noted the four prior misdemeanors and Defendant's other criminal activity, specifically the gun violence and drug-related conduct that led to the guilty plea. The trial court commented that Defendant's phone was "tied to one of the vehicles involved in the shootout" and Defendant's DNA was found on several items in the car. The trial court found it "significant" and "gravely concerning" that private residences were struck by gunfire.

The trial court ordered consecutive sentencing after finding that Defendant was being sentenced for an offense committed while on probation. The trial court went on to deny alternative sentencing, finding it significant that the victim in the aggravated assault was the mother of one of Defendant's children. The trial court also considered Defendant's "admitting guilt to choking the mother of his child" as negative but his prior criminal history as positive, which at that point only included four prior misdemeanors. However, the trial court noted that prior criminal history was broader than just misdemeanors and was concerned about Defendant's involvement in gun and drug-related conduct. The trial court found it was "not reasonably expected" that Defendant would be rehabilitated and that if Defendant were placed on probation there was a "reasonable" and "perhaps a substantial" risk that he would commit another crime. The trial court also noted Defendant's failure to appear in general sessions court one time and circuit court two times. The trial court found it was "unreasonable" to expect Defendant to abide by the terms and conditions of probation and that the "interest of society needs to be protected from the risk of [Defendant's] future criminal conduct."

The trial court found that Defendant completed his misdemeanor probation but failed to complete another term of probation. The court considered whether a sentence of full probation would unduly depreciate the seriousness of the offense and whether confinement would serve as an effective deterrent. The court noted Defendant accepted responsibility for his actions. The trial court found these factors weighed in favor of probation.

In case 29733, the trial court sentenced Defendant to five years for aggravated assault and eleven months and twenty-nine days for simple possession. The trial court

- 4 -

ordered the sentences in case 29733 to run concurrently with one another. In case 29903, the trial court sentenced Defendant to eleven months and twenty-nine days on each count. The trial court ordered the sentences in case 29903 to run concurrently with each other but consecutively to case 29733, for a total effective sentence of five years, eleven months and twenty-nine days. The trial court denied probation. Defendant appealed.

*Analysis*

On appeal, Defendant argues that the trial court erred in ordering consecutive sentencing and denying alternative sentencing. Specifically, Defendant complains that the trial court allowed Sergeant Barber to testify about pending charges and the trial court's reliance on that testimony in fashioning the sentence. Defendant also complains that the trial court used his misdemeanor convictions to apply enhancement factors one and eight, essentially double dipping, and failed to "put in the record" why some of the sentences were ordered to be served consecutively. The State counters that the trial court did not abuse its discretion in sentencing Defendant to within-range sentences after complying with the purposes and principles of sentencing.

This Court reviews the length, range, and manner of service imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). The trial court is granted broad discretion to impose a sentence anywhere within the applicable range and the sentencing decision of the trial court will be upheld "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id*. at 709-10. We likewise review the trial court's order of consecutive sentencing for abuse of discretion, with a presumption of reasonableness afforded to the trial court's decision. *See State v. Pollard*, 432 S.W.3d 851, 860 (Tenn. 2013) (applying the same deferential standard announced in *Bise*, 380 S.W.3d at 682, to the trial court's consecutive sentencing decisions). A trial court's decision regarding probation or other alternative sentencing is reviewed likewise. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (citing *Bise*, 380 S.W.3d at 708). Moreover, this Court may not disturb the sentence even if it would prefer a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008).

In determining a defendant's sentence, the trial court is to consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant

in his own behalf about sentencing; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. *See* T.C.A. § 40-35-210(b); *see also Bise*, 380 S.W.3d at 697-98.

The record reflects that the trial court considered the evidence at trial and at the sentencing hearing, the presentence report, the victim impact statements, Defendant's statement in allocution, the principles of sentencing, the applicable enhancement and mitigating factors, and the nature of the offenses in imposing Defendant's within-range sentences. As a result, the court's determinations are afforded a presumption of reasonableness.

Defendant challenges the trial court's admission of Sergeant Barber's testimony about pending charges at the sentencing hearing. The trial court did not err in permitting this testimony to support whether Defendant had a history of criminal behavior. *See, e.g., State v. Allman*, No. M2022-01542-CCA-R3-CD, 2024 WL 4326809, at *64 (Tenn. Crim. App. Sept. 27, 2024), *no perm. app. filed* (determining trial court properly considered pending charges in determining whether Defendant had a history of criminal behavior); *State v. Dixon*, No. M2021-01326-CCA-R3-CD, 2022 WL 5239289, at *23 (Tenn. Crim. App. Oct. 6, 2022), *no perm. app. filed* (finding trial court properly considered indictment, arrest warrants, and officer testimony about pending charges). Moreover, Defendant cross-examined Sergeant Barber at the sentencing hearing, asking the officer specific questions about the pending charges, including the officer's opinion about whether the shooting could have been self-defense.

Next, Defendant complains that the trial court erred in using Defendant's misdemeanor charges to find that both enhancement factors (1), that Defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (8), that before trial or sentencing, Defendant failed to comply with the conditions of a sentence involving release into the community, applied. T.C.A. § 40-35-114(1), (8). The record supports the application of both enhancement factors—Defendant failed to appear in court more than once while he was on bond and had several prior offenses in addition to a pending charge. Moreover, Defendant does not even challenge the application of enhancement factor (13). The trial court did not abuse its discretion in fashioning the length of the sentence.

Defendant next argues that the trial court ordered consecutive sentencing without placing a reason on the record. To the contrary, the trial court noted that Defendant was on probation when he committed the offenses for which he was being sentenced. This finding alone is enough to justify consecutive sentencing. T.C.A. §40-35-115(b)(6). Defendant is not entitled to relief.

Lastly, Defendant complains that the trial court denied alternative sentencing. Tennessee Code Annotated section 40-35-103 states that trial courts should look to the following considerations in deciding whether a sentence of confinement is appropriate:

(A) Confinement is necessary to protect society by restraining an individual who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1). Additionally, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." *Id*. § 40-35-103(4), (5).

As to alternative sentencing, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative[.]" *Id.* § 40-35-103(5). In deciding whether probation is suitable, the trial court should consider: "(1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) special and general deterrence value." *State v. Trent*, 533 S.W.3d 282, 291 (Tenn. 2017) (citing *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998)). "[T]he burden of establishing suitability for probation rests with the defendant." T.C.A. § 40-35-303(b). Our supreme court has "emphasize[d] that there are no 'magic words' that trial judges must pronounce on the record, [but] it is also critical that, in their process of imposing sentence, trial judges articulate fully and coherently the various aspects of their decision as required by our statutes and case law." *Trent*, 533 S.W.3d at 292. Additionally, "a defendant's criminal history is a critical factor in evaluating his or her amenability to correction[.]" *State v. Thompson*, 189 S.W.3d 260, 267 (Tenn. Crim. App. 2005).

Here, the trial court sentenced Defendant to confinement after making several findings on the record. First, the trial court found that the interests of society would be protected by confinement based on Defendant's long history of criminal conduct and because measures less restrictive than confinement had recently been applied unsuccessfully to Defendant. The trial court also found that Defendant was unlikely to abide by the terms of probation and was unlikely to be rehabilitated. These findings were

- 7 -

sufficient to support sentencing Defendant to confinement.  *See* T.C.A. § 40-35-103(1). Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.


s/ Timothy L. Easter
TIMOTHY L. EASTER, JUDGE